IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| 1. SHANELL REYNOLDS, an individual, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 21-CV-108-JED-CDL |
| v. | ) | |
| | ) | JURY TRIAL DEMANDED |
| 1. GUARDIAN SECURITY SYSTEMS, INC., | ) | |
| d/b/a ALERT 360, a domestic corporation, | ) | ATTORNEY'S LIEN CLAIMED |
| | ) | FOR THE FIRM |
| | ) | |
| Defendant. | ) | |

## COMPLAINT

**COMES NOW** the Plaintiff, Shanell Reynolds ("Plaintiff"), through her attorneys of record, Charles C. Vaught and Jessica N. Vaught of Armstrong & Vaught, P.L.C. and brings this action pursuant to the Family and Medical Leave Act of 1993, as amended, 29 U.S.C. §§ 2615 *et. seq.* (the "FMLA"), against Defendant, Guardian Security Systems, Inc. d/b/a Alert 360 ("Defendant"). In support thereof, Plaintiff hereby states and alleges as follows:

## JURISDICTION AND VENUE

1. Plaintiff was, at all times relevant to this cause of action, employed by Defendant within the Northern District of Oklahoma.

2. Plaintiff was, at all times relevant to this cause of action, domiciled in and a citizen of the State of Oklahoma.

3. Plaintiff was, at all relevant times, an employee as defined by the FMLA in that she was employed with Defendant in excess of twelve (12) months and, during that time, worked in excess of 1,250 hours.

4. Plaintiff suffered from "serious health conditions" as that phrase is defined under the FMLA. More particularly, Plaintiff was suffering from migraines and anxiety and was taken off work

1

by her primary care physician while testing was completed regarding a mass that was in her left breast. Plaintiff's condition required Plaintiff to miss work, thus making her eligible for the protections afforded by the FMLA, though Plaintiff was denied that protection.

5. Defendant is, and was at all times relevant to this cause of action, a domestic corporation with its principal place of business in Tulsa, Oklahoma.

6. Defendant is an employer under the FMLA in that, at all relevant times, Defendant employed in excess of 50 employees within a 75-mile radius of Plaintiff's primary work site during each of 20 or more calendar workweeks in the current preceding calendar year.

7. The acts and/or omissions giving rise to this lawsuit occurred in Tulsa, Tulsa County, State of Oklahoma.

8. Pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1367, this Court has jurisdiction over the parties and the subject matter of this action, because the action arises under the laws of the United States.

9. Pursuant to 28 U.S.C. § 1391(b), this action properly lies in the Northern District of Oklahoma, because a substantial portion of the events or omissions giving rise to this claim occurred in this judicial district.

## OPERATIVE FACTS

10. Plaintiff was hired by Defendant on or about November 23, 2017 to work as a Customer Service Representative.

11. On or about March 26, 2020, Plaintiff's primary care physician, Dr. Richard Schafer of Homestead Medical Clinic, took her off work due to migraines and anxiety secondary to gross examination disclosing the presence of a mass on Plaintiff's left breast. Plaintiff was taken off

work to address the deterioration of her health and to conduct further diagnostic examination of her left breast to rule out breast cancer.

12. Plaintiff immediately notified Defendant of her removal from work by her physician and received FMLA paperwork from her employer on or about April 20, 2020. Plaintiff was initially informed that her FMLA paperwork had to be returned on May 4, 2020.

13. Thereafter, Plaintiff informed Defendant's Human Resources department that she could not return the FMLA paperwork until after her next medical visit, which was currently scheduled for May 11, 2020. Defendant then granted an extension until May 11, 2020 for the return of the FMLA paperwork.

14. Due to the COVID-19 pandemic, Homestead Medical Clinic struck all in-person office visits prior to the May 11, 2020 visit and advised Plaintiff that she would be seen telephonically. Given this development, Plaintiff sought leave from her physician's office to drop her FMLA paperwork off prior to her appointment but was denied. After her virtual visit with Dr. Schafer, Plaintiff dropped the FMLA paperwork off at Homestead Medical Clinic and asked that it be completed and returned to her employer. Plaintiff provided all this information to Defendant's Human Resources personnel, particularly Brittney Golden.

15. On May 12, 2020, Plaintiff received an email from Ms. Golden which contained two attachments. The first attachment was a Notice that Plaintiff's request for FMLA had been denied. The second attachment informed Plaintiff that she would be terminated if she did not return to work by May 14, 2020.

16. On May 13, 2020, Plaintiff communicated with Ms. Golden and advised her that the FMLA paperwork had been provided to her physician but that his office had not yet advised that it

was ready for pickup. Growing concerned, Plaintiff contacted another healthcare provider, Uptown Medical Clinic, and scheduled an appointment for the next day.

17. On May 13, 2020, Plaintiff was seen at Uptown Medical Clinic regarding her medical issues and inability to obtain her FMLA paperwork from Homestead Medical Clinic. Uptown Medical Clinic attempted to contact Dr. Schafer and Homestead Medical Clinic regarding the FMLA paperwork, to no avail.

18. On May 18, 2020, after receiving no return calls from Homestead Medical Clinic, Porsha Richardson of Uptown Medical Clinic contacted Defendant's H.R. Department and requested FMLA paperwork to complete for Plaintiff. After that fax did not go through, Ms. Richardson reached out to Brittney Golden by phone. When Ms. Richardson spoke to Ms. Golden, she updated Ms. Golden regarding Plaintiff's struggle to obtain the FMLA paperwork, advised that Uptown Medical Clinic has an ongoing physician/patient relationship with Plaintiff and that Plaintiff needed to be off work until undergoing a breast biopsy, and requested FMLA paperwork to complete on Plaintiff's behalf. Golden advised that the FMLA paperwork would be provided to Ms. Richardson.

19. On May 20, 2020, after not receiving the FMLA paperwork from Ms. Golden, Ms. Richardson resent her previous email requesting FMLA paperwork for Plaintiff to Ms. Golden via certified mail.

20. On May 22, 2020, after receiving no response from Ms. Golden again, Ms. Richardson sent yet another email to Ms. Golden and requested FMLA paperwork for Plaintiff.

**FIRST CLAIM**
**(FMLA Interference)**

21. Plaintiff incorporates and re-alleges the foregoing paragraphs as though fully set forth herein and would further state as follows:

4

22. Plaintiff gave Defendant adequate notice of her need for a protected medical leave, pursuant to 29 U.S.C. § 2612.

23. Defendant did not provide Plaintiff with a reasonable period, in light of the extant circumstances of which Defendant was aware, to provide a medical certification regarding her need for FMLA leave.

24. Plaintiff was terminated because of her absence from employment while on a qualified medical leave pursuant to 29 U.S.C. § 2615.

25. At all times relevant to this action, Plaintiff's illness was a serious health condition, pursuant to 29 C.F.R. § 825.113(a).

26. Plaintiff's termination was a clear, direct, and substantial violation of 29 U.S.C. § 2615 which states, "[i]t shall be unlawful for any employer to interfere with, restrain, or deny the exercise or the attempt to exercise, any right provided under this subpart."

27. Plaintiff was entitled to qualified FMLA medical leave pursuant to 29 C.F.R. § 825.200 which states that FMLA leave can be taken for up to 12 weeks due to a serious health condition which makes the employee unable to perform one or more of the essential functions of the employee's job.

28. Defendant terminated Plaintiff as a discriminatory and/or retaliatory act against Plaintiff for exercising, or attempting to exercise, her right to qualified medical leave pursuant to the FMLA.

29. By not permitting Plaintiff a reasonable period of time to obtain medical certification of her need for FMLA leave, and terminating Plaintiff's employment, the Defendant effectively denied her access to FMLA medical leave.

30. Defendant's refusal to permit Plaintiff a reasonable time to provide adequate certification of her need for FMLA leave constitutes interference with Plaintiff's right to unqualified FMLA medical leave.

31. Defendant's refusal to permit Plaintiff to return constitutes interference with Plaintiff's right to qualified FMLA medical leave.

32. Plaintiff is entitled to reinstatement, or front pay in lieu thereof, pursuant to 29 U.S.C. § 2614(a)(1).

## SECOND CLAIM
### (FMLA Retaliation)

33. Plaintiff incorporates and re-alleges the above paragraphs as though fully set forth herein and would further state as follows:

34. Defendant's refusal to allow Plaintiff to continue her employment in response to Plaintiff's request for FMLA leave constitutes a subsequent adverse employment action, pursuant to 29 U.S.C. § 2615.

35. Defendant refusal to allow Plaintiff to continue her employment was a direct consequence of Plaintiff's request for qualified FMLA leave.

36. Plaintiff's termination was in retaliation for exercising her right to qualified FMLA medical leave, pursuant to 29 U.S.C. § 2615.

37. As a result of the violations, Defendant injured Plaintiff, thereby depriving her of her rights and privileges of employment for using medical leave due to her serious medical condition.

**WHEREFORE**, Plaintiff prays that Defendant appear and answer this Complaint, and that this Court: (1) declare the conduct engaged in by the Defendants to be in violation of Plaintiff's rights; (2) enjoin the Defendants from engaging in such conduct; (3) enter a judgment for Plaintiff in an amount in excess of $100,000.00 plus interest, costs, attorney fees, and liquidated damages;

(4) order Plaintiff's be reinstated to her former position, or receive front pay in lieu thereof; and

(5) grant Plaintiff such other and further relief as this Court may deem just, proper and equitable.

Respectfully submitted,

**ARMSTRONG & VAUGHT, P.L.C.**

By: *s/ Charles C. Vaught*
**Charles C. Vaught, OBA #19962**
**Jessica N. Vaught, OBA #33114**
2727 East 21st Street, Suite 505
Tulsa, OK 74114
(918) 582-2500 – *telephone*
(918) 583-1755 – *facsimile*
***Attorneys for Plaintiff***